UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
HERIBERTO PALACIO,

                        Plaintiff,

          -v.-                                   9:03-CV-0836
                                                           (NAM)(DRH)

GLENN S. GOORD, THERESA KNAPP-DAVID;
MICHAEL G. PARROTT; RANDALL DROLLETTE;
CHRISTOPHER LIBERTY; KENNETH BAKER,

                          Defendants.
-----------------------------------------------------------

**APPEARANCES:**                     **OF COUNSEL:**

HERIBERTO PALACIO
Plaintiff, *pro se*
06-CV-2318

HON. ANDREW M. CUOMO         STEVEN H. SCHWARTZ, Esq.
Office of Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

**NORMAN A. MORDUE, Chief U.S District Judge**

### ORDER

By Order dated February 22, 2007, the Court denied plaintiff's appeal from Magistrate Homer's January 19, 2007 Rejection Order. Presently before the Court for review is plaintiff's request for permission to file an interlocutory appeal from the February 22, 2007 Order. Dkt. No. 94. The defendants have not responded to this motion.

28 U.S.C. § 1292, which governs the appealability of interlocutory orders of the district courts to the appeals courts, and provides that an interlocutory order may be the subject of an appeal if the district court certifies that it satisfies the stringent standard set forth in the statute. Section 1292(b) provides in relevant part as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).[1] "Routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" *John and Vincent Arduini Inc. v. NYNEX*, 129 F.Supp.2d 162, 175 (N.D.N.Y. 2001) (Kahn, D.J.) (citations omitted).

A question of law would be considered controlling if reversal of the order would terminate the litigation or if the question substantially affects a large number of cases. *Payroll Express Corp. v. Aetna Casualty & Surety Co.*, 921 F. Supp. 1121 (S.D.N.Y. 1996). Plaintiff has made no showing to meet this prong of the review. Plaintiff simply states in his moving papers that the February 22, 2007 Order is "a defacto assassination of this Plaintiff's claim and a failure of the court to provide the judicial solicitude to this Plaintiff that he is entitled to." Dkt. No. 94. Moreover, this Court has been presented with no information that would suggest that an immediate appeal would assist or facilitate in the termination of this litigation on its merits. Thus, this Court finds that certification of this action for immediate appeal is not warranted.

In light of the foregoing, Palacio's request that this Court certify the issues addressed in the February 22, 2007 Order for interlocutory appeal to the Second Circuit is denied.

WHEREFORE, for the reasons set forth above, it is hereby

ORDERED, that petitioner's request for a certification of the February 22, 2007 Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292 (Dkt. No. 94) is denied, and it is further

---

[1] Upon certification by the district court pursuant to Section 1292(b), the Court of Appeals must thereupon, determine in its discretion whether to allow the appeal. Application is to be made to the Court of Appeals within ten days after the entry of the order. *See* 28 U.S.C. § 1292(b).

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

DATED: March 26, 2007

Norman A. Mordue
Chief United States District Court Judge