**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

HERIBERTO PALACIO,

        Plaintiff,

  v.             No. 03-CV-836
                  (NAM/DRH)

GLENN S. GOORD; THERESA KNAPP-DAVID;
MICHAEL G. PARROTT; RANDALL DROLLETTE;
CHRISTOPHER LIBERTY; and KENNETH
BAKER,
        Defendants.
-----------------------------------------------------------------

**APPEARANCES:**        **OF COUNSEL:**

HERIBERTO PALACIO
Plaintiff Pro Se
No. 06-A-2318
Coxsackie Correctional Facility
Post Office Box 999
Coxsackie, New York 12051-0999

HON. ANDREW M. CUOMO     STEVEN H. SCHWARTZ, ESQ.
Attorney General for the State    Assistant Attorney General
 of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

  Plaintiff pro se Heriberto Palacio ("Palacio"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, six DOCS employees, violated his

---

  [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights by relying on Palacio's arrest records that were sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.50.  See Compl. (Docket No. 1). Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 87.  Palacio has failed to respond to the motion.[2]  For the following reasons, it is recommended that defendants' motion be granted.

### I.  Failure to Respond

Palacio did not oppose defendants' motion.  "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.; see also Fed. R. Civ. P. 56(c).  Because Palacio has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 87) are accepted as true.  Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. Civ. 00-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

### II. Background

On March 28, 2001, Palacio was received into DOCS custody after being convicted of criminal possession of a weapon.  Docket No. 87 at Exs. A & B.  Palacio was serving a

---

[2] Palacio was granted three separate extensions of time to respond to defendants' motion for summary judgment, but still failed to do so.  See Docket Nos. 89, 93, 98-99.

term of three and one-half to seven years imprisonment. Id. On January 11, 2002, Palacio was moved from Camp Gabriels to Altona Correctional Facility because his security level[3] was changed from minimum to medium security. Docket No. 87 at Ex. I. Palacio was paroled on December 31, 2004 but returned to prison on April 28, 2006 after a new conviction. Docket No. 87 at Exs. B & D. Palacio contends that in determining his security classification, defendants improperly used arrest records that were sealed pursuant to CPL § 160.50. See Compl. Palacio refused to disclose which records he believed defendants used nor would Palacio disclose which of his records are sealed. Docket No. 87, Ex. F at 16. This action followed.

### III. Discussion

Palacio asserts a single cause of action, alleging that defendants used Palacio's sealed arrest records to reclassify Palacio from minimum to medium security.

### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp.

---

[3]DOCS is required to classify inmates upon their admission to determine assignments to facilities, program eligibility, and the like. See N.Y. correct. Law § 137 (McKinney 2003).

v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Id.; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[4]  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### B. Sealed Arrest Records

Palacio contends that defendants used his sealed arrest records to increase his

---

[4] Notwithstanding his pro se status, Palacio has significant experience in litigation having filed eight other federal actions since 2002.  See U.S. Party/Case Index (visited Aug. 1, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

security level from minimum to medium security, resulting in a transfer from Camp Gabriels to Altona Correctional Facility.

Generally, there is no constitutionally derived right arising from CPL § 160.50. There is only one exception to the general trend that "no court has sustained a § 1983 claim premised upon a violation of CPL § 160.50." Pritzker v. City of Hudson, 26 F. Supp. 2d 433, 440 (N.D.N.Y. 1998).  Although Anderson v. City of New York, 611 F. Supp. 481 (S.D.N.Y. 1985), can be read to create a constitutional claim under CPL § 160.50, Anderson has been superseded by several state and federal cases.  See Pritzker, 26 F. Supp. 2d at 440 ("This court agrees that Anderson has been superseded and that section 160.50 does not create a liberty interest in reputation or privacy"); see also Moore v. Dormin, 676 N.Y.S.2d 90, 93 (1st Dep't. 1998) ("To whatever extent Anderson v. City of New York can be read for the proposition that CPL § 160.50 creates a § 1983 liberty interest in reputation or privacy, it has been superseded by [Charles Q. v.] Constantine [85 N.Y.2d 571 (1995)] and [People v.] Patterson [78 N.Y.2d 711 (1991)], and its continued vitality has been questioned in Federal case law . . . in light of these decisions").

Even if § 160.50 creates a constitutionally derived right, Palacio has failed to establish that any of his records were, in fact, sealed.  Conclusory allegations are insufficient to support a claim under § 1983.  See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) ("complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning").  Palacio repeatedly claimed that defendants relied on records that were sealed; however, Palacio refused to disclose which of his records are sealed.  See Docket No. 87, Ex. F at 16.  Further,

5

Palacio complains of the use of a newspaper article that discusses his girlfriend's disappearance. See Docket No. 87 at Ex. E. However, a newspaper article is not the type of record that can be sealed pursuant to CPL § 160.50 because it is not an "official record[] or paper[]" as required by § 160.50(1)(c). Therefore, Palacio fails to allege the use of any specific record that was sealed pursuant to CPL § 160.50.

Therefore, it is recommended that defendants' motion on this ground be granted.

### C. Retaliation

Palacio contends that defendants changed Palacio's security level from minimum to medium in retaliation for Palacio's failure to cooperate with law enforcement agents in the investigation of the disappearance of Palacio's girlfriend. See Compl. at ¶ 50.

To prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). The burden then shifts to the defendant to show that, by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct. Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Retaliation claims are actionable because the conduct may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491. However, courts must review retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

For any action to constitute adverse action, a plaintiff must establish that the

adverse action would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491. It is reasonably possible that other inmates would fail to exercise their constitutional right to not cooperate with police investigations for fear that their security level would be increased. Thus, the changing of Palacio's security level from minimum to medium presents at least a question of fact as to whether it constitutes an adverse action.

However, Palacio fails to show a causal connection between the change in his security level and his refusal to cooperate with the police with their investigation. Palacio only offers conclusory evidence to support his claim that defendants retaliated against him. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); see also Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003). Palacio fails to allege any facts that would connect his lack of cooperation in the investigation with his change in security level. Thus, because Palacio offers only conclusory evidence to support his claim, he has failed to demonstrate a causal connection between any constitutionally protected conduct and the alleged adverse action.

Even if Palacio could show a causal connection, defendants' motion for summary judgment should still be granted because the adverse action would have occurred even in the absence of the protected conduct. See Mt. Healthy, 429 U.S. at 287. Palacio's security level was increased from minimum to medium and he was transferred to Altona Correctional Facility from Camp Gabriels. Defendants have submitted the "Inmate Review Packet" for Palacio, which stated separate, legitimate reasons for transferring Palacio to Altona Correctional Facility. See Docket No. 87 at Ex. Q. This evidence stands unrebutted by Palacio. Thus, defendants' motion for summary judgment should be

7

granted in the alternative because Palacio would have received the same punishment even in the absence of any improper motive.

Therefore, it is recommended that defendants' motion on this ground be granted.

### D. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Palacio's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, it is recommended that defendants' motion on this ground be granted.[5]

---

[5] Palacio also contends that "all of the defendants deliberately inflicted emotional distress on this Plaintiff." See Compl. at ¶ 50.5. However, Palacio's emotional distress claim is not cognizable because prisoners cannot bring an action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." Brazeeau v. Travis, No. 96-CV-0783 (RSP) (RWS), 1996 WL 391701, at *1 (N.D.N.Y. July 9, 1996). Since Palacio does not allege any physical injury, Palacio's claim is meritless. Therefore,

### IV. Conclusion[6]

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 87) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: September 10, 2007
       Albany, New York

*David R. Homer*
United States Magistrate Judge

---

it is recommended that the defendants' motion on this ground be granted.

[6] Defendants also contend that Palacio has failed to exhaust his available administrative remedies or to demonstrate the personal involvement of defendants Goord or Knapp-David. See Defs. Mem. of Law (Docket No. 87) at 4-6, 10-12. However, it is recommended herein that defendants' motion be granted as to all of Palacio's claims on other grounds. Thus, there is no need to address this argument.

9