UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**HERIBERTO PALACIO,**

                              **Plaintiff,**

              **-v-**                                            **9:03-CV-0836**

**GLENN S. GOORD; THERESA KNAPP-DAVID;
MICHAEL G. PARROTT; RANDALL DROLLETTE;
CHRISTOPHER LIBERTY; KENNETH BAKER,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

HERIBERTO PALACIO
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO
Attorney General, State of New York
STEVEN H. SCHWARTZ, Esq.
Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants Glenn S. Goord, Theresa Knapp-David,
Christopher Liberty, and Kenneth Baker

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983 ("section 1983") claiming that his rights were violated when defendants allegedly relied on sealed arrest records to raise his security level from minimum to medium security, resulting in his transfer from Camp Gabriels to Altona Correctional facility. Defendants moved (Dkt. No. 87) for summary judgment. Despite

four extensions of time to respond to the motion (Dkt. Nos. 88, 89, 93, 98-99), plaintiff failed to submit papers in opposition.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge David R. Homer issued a Report and Recommendation (Dkt. No. 103) recommending that defendants' summary judgment motion be granted. Plaintiff has submitted an objection (Dkt. No. 106) to the Report and Recommendation. Plaintiff's correction (Dkt. No. 107) to his objection to change a citation to CPL 160.50 to a citation to CPL 160.60 is noted. Due to the comprehensive nature of plaintiff's objection, this Court conducts a *de novo* review of the matter pursuant to 28 U.S.C. § 636(b)(1)(C). Upon *de novo* review, the Court approves and adopts the Report and Recommendation and grants summary judgment dismissing the complaint.

## DISCUSSION

In addressing defendants' unopposed motion for summary judgment, Magistrate Judge Homer correctly noted that, even where a motion is unopposed, the court must review the record to determine whether the movant is entitled to summary judgment. Magistrate Judge Homer conducted such a review and correctly concluded that defendants are entitled to summary judgment dismissing plaintiff's claim that his constitutional rights were violated when defendants allegedly used his sealed arrest records to increase his security level from minimum to medium security, resulting in his transfer. In so deciding, Magistrate Judge Homer noted that there is no constitutionally derived right arising from CPL 160.50 that would support a section 1983 claim.[1]

---

[1]
N.Y.C.P.L. 160.50(1) provides in part:
> Upon the termination of a criminal action or proceeding against a person in favor of such person... unless the district attorney upon motion with not less than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five

He further concluded that plaintiff's retaliation claim must fail because plaintiff presents no evidence of a causal connection between the change in his security level and his refusal to cooperate with police in their investigation into the disappearance of his girlfriend. This Court agrees.

The Court notes that the arguments plaintiff raises in his objection to the Report-Recommendation should have been raised, at the latest, in opposition to summary judgment. Magistrate Judge Homer gave plaintiff numerous opportunities to submit papers in opposition to summary judgment.[2] Plaintiff's interposition of what amounts to his opposition to summary judgment at this point deprives defendants of an opportunity to respond and undermines the referral process. *See generally Hynes v. Squillace*, 143 F.3d 653, 656-57 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."); *Bester v. Dixion*, 2007 WL 951558, *1 (2007) ("The time to present factual arguments in opposition to the motion for summary judgment is before the Magistrate Judge issues his

---

> days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the record of such action or proceeding shall be sealed[.]

[2] Defendants moved for summary judgment on October 19, 2006, with an initial response date of November 20, 2006. On November 14, 2006, plaintiff requested an extension of time to respond; this was granted and the response date extended to January 12, 2007 (Dkt. No. 88). On January 19, 2007, Magistrate Judge Homer granted a further extension to March 2, 2007 (Dkt. No. 89). On March 1, 2007, the response date was extended to March 23, 2007 (Dkt. No. 93). And on March 27, 2007, the response date was extended to April 13, 2007, with the notation: "FINAL EXTENSION" (Dkt. No. 98). On April 16, 2007, plaintiff requested a further extension of time (Dkt. No. 99). Magistrate Judge Homer denied this request. Plaintiff appealed and this Court issued an order (Dkt. No. 102) denying the appeal and affirming Magistrate Judge Homer's order.

Report-Recommendation."). Thus, even if plaintiff's objection to the Report-Recommendation raised a cognizable factual issue, this Court has no obligation to consider it.

In any event, plaintiff raises no meritorious issue in his objection.[3] Plaintiff does not adduce any evidence, apart from speculation, that defendants relied upon sealed records to change plaintiff's security classification. More importantly, plaintiff's claims under sections 160.50 and 160.60 do not raise an issue of constitutional dimension so as to support a section 1983 claim. A violation of C.P.L. 160.50 does not implicate constitutional considerations. *See Charles Q. v. Constantine*, 85 N.Y.2d 571, 575 (1995); *Pritzker v. City of Hudson*, 26 F.Supp.2d 443, 440 (N.D.N.Y. 1998). Nor is there any ground to find that C.P.L. 160.60 gives rise to a constitutional right.[4] Plaintiff's citation to *Matter of Burr v. Goord*, 725 N.Y.S.2d 151 (3d Dep't 2001) is unavailing; a violation of state law does not support a section 1983 claim. Magistrate Judge Homer's rejection of plaintiff's section 1983 claim based on the allegedly improper use of his sealed records is wholly supported by the record.

To the extent that plaintiff's submissions raise a claim of retaliation, the claim lacks merit.

---

[3] In deciding the motion, this Court did not rely on the documents submitted by defendants for *in camera* review (Dkt. No. 87, Ex. Q); thus, plaintiff can claim no prejudice in this respect.

[4] In his objection to the Report and Recommendation, plaintiff cites to N.Y.C.P.L. 160.60, which provides:
> Upon the termination of a criminal action or proceeding against a person in favor of such person, ... the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.

Plaintiff presents no evidence of a causal connection between the change in his security level on January 4, 2002, and his refusal – more than 1½ years earlier – to cooperate with police in their investigation into the disappearance of his girlfriend. The other issues raised by plaintiff also lack merit. Upon *de novo* review, the Court accepts and adopts Magistrate Judge Homer's Report-Recommendation in full. Defendants' motion for summary judgment is granted and the action is dismissed on the merits.

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 103) is accepted and adopted; and it is further

ORDERED that defendants' motion (Dkt. No. 87) for summary judgment is granted; and it is further

ORDERED that the action is dismissed on the merits.

IT IS SO ORDERED.

January 7, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge